**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TAVERN L. DOWNING, Sr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-313 (MTT)** |
| | ) | |
| **ENISHA BRYANT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Before the Court is Defendant Isaac Munguia's motion to set aside the Clerk's entry of default entered on October 21, 2026. ECF 19. In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendant's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Plaintiff wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.

Under the procedures and policies of this Court, motions are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's motion. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

The Court evaluates a motion to set aside default using the following standard. At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend claims. Fed. R. Civ. P. 55(a), (b)(2). But "[t]he [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a

request to file an untimely answer for good cause. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default.") (citation omitted).

"Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation modified). "In evaluating good cause, courts generally consider 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, . . . whether the defaulting party presents a meritorious defense,' and whether the defaulting party acted promptly to correct the default." *Rodriguez v. Powell*, 853 F. App'x 613, 615–16 (11th Cir. 2021) (quoting *Compania Interamericana*, 88 F.3d at 951). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez*, 774 F.3d at 1337 n.7. In light of the Eleventh Circuit's "strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (citation modified).

**SO ORDERED**, this 23rd day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT